UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JULIAN ESTRADA GOMEZ,　　　　　　　　　　　　Case No. 3:22-cv-00595-MC

　　　　Petitioner,　　　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

UNITED STATES OF AMERICA,

　　　　Respondent.
_____

MCSHANE, District Judge.

　　Petitioner brings this action for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging Magistrate Judge You's certification of his extradition to Mexico to face prosecution for aggravated murder. Petitioner disputes Magistrate Judge You's finding that the record establishes probable cause to believe Petitioner committed the charged offense and seeks an order granting the writ and declaring the extradition certification to be unlawful. Review of the record confirms that competent evidence supports Magistrate Judge You's probable cause finding, and the Petition is DENIED.

1　- OPINION AND ORDER

BACKGROUND

According to the evidence of record, Petitioner fathered Julio Estrada Ramirez (Julio) with a woman who left both father and child when Julio was very young. *See In the Matter of the Extradition of Julian Estrada Gomez* (*In re Estrada Gomez*), Case No. 3:20-mc-01034-YY, Gov't Ex. 1 at 15 (ECF No. 18-1). Petitioner left Julio in the care of Petitioner's siblings in the State of Zacatecas, Mexico, until Julio was eleven years old. *Id.* at 15, 117, 120. At that time, Petitioner brought Julio to the United States where they lived with Petitioner's wife and their three children. *Id.* Julio harbored resentment and anger towards Petitioner and eventually returned to Zacatecas approximately eighteen months prior to the conflict with his father that would lead to Julio's death. *Id.* at 16, 75, 112.

In late 2007 or early 2008, Petitioner traveled from his home in Salem, Oregon, to Zacatecas to visit relatives and work on the house he planned to live in once he retired. Pet'r Brief at 4 (ECF No. 8). Julio and his wife apparently lived nearby.

On January 3, 2008, Julio told his wife that he was going to confront Petitioner about Petitioner's continued mistreatment of Julio and his uncles. *In re Estrada Gomez*, Gov't Ex. 1 at 112, 117. Julio, who was slightly intoxicated, armed himself with a rifle and drove to the home of Asencion Estrada Gomez, Julio's aunt and Petitioner's sister, and asked if Petitioner was there. *Id.* at 77, 120-21. Asencion told Julio that Petitioner was working on his retirement house and advised Julio to return to his own home. *Id.* at 121. Later, Asencion saw Julio driving his pickup truck towards Petitioner's house while shooting the rifle once or twice in the air. *Id.* As Julio reached Petitioner's location, Asencion heard several shots being fired. Several minutes later, Petitioner appeared at her home and told her that he killed Julio after Julio attempted to

shoot him. *In re Estrada Gomez*, Gov't Ex. 1 at 121. According to Asencion, Petitioner considered surrendering to the authorities but decided to "walk away." *Id.*

Another son of Petitioner's, Porfirio Estrada Lara, stated that he encountered Petitioner shortly after the shooting. Petitioner told Porfirio that Julio had tried to kill him and he "had to defend himself." *Id.* at 115.

At the scene of the shooting, Julio was found in the driver's seat of his pickup truck, with the engine still running. Julio's left hand was resting on his left thigh, and his right hand was resting on a CD case between the driver's and passenger's seats. *Id.* at 104-05. Julio's loaded rifle was in the passenger's seat, with the stock resting on the floorboard and the barrel leaning on the seat and pointing in the air. *In re Estrada Gomez*, Gov't Ex. 1 at 105. Julio had been shot twice in the head, and the driver's side door of his pickup was pocked with six bullet holes. *Id.* 104-05, 139, 145-48. Ballistic testing confirmed that the bullets corresponded with the type of rifle owned by Petitioner and also revealed that the shooter was approximately two meters from Julio's vehicle when the shots were fired. *Id.* at 131, 140-41.

On October 13, 2008, a judge in the First Trial and Family Court of the Judicial District of Jalpa, Zacatecas, Mexico, issued a warrant for Petitioner's arrest on a charge of Aggravated Homicide. *Id.* at 14, 45, 56, 88-89.

In 2020, pursuant to an extradition treaty between the Mexico and the United States, the Government of Mexico requested Petitioner's provisional arrest and his extradition to Mexico to face prosecution for Aggravated Homicide. *In re Estrada Gomez*, Gov't Ex. 1 at 1-38, 42.

On October 5, 2020, the United States sought Petitioner's arrest and filed a Complaint seeking his extradition to Mexico. *In re Estrada Gomez*, (ECF Nos. 1-2). After his arrest and

appearance before this Court, Petitioner was released on bail during the pendency of extradition proceedings.

On August 20, 2021, Magistrate Judge You conducted an extradition hearing and considered argument and documentary evidence presented by the United States on behalf of the Government of Mexico (the Government). On April 6, 2022, Magistrate Judge You issued an opinion finding that probable cause supported the charge of Aggravated Homicide and certifying the following to the Secretary of State:

1. This court has subject matter jurisdiction over extradition proceedings.
2. This court possesses personal jurisdiction over the fugitive, Julian Estrada Gomez.
3. A valid Extradition Treaty exists between the United States and Mexico.
4. The Extradition Treaty between the United States and Mexico is, and at all relevant times, has been in full force and effect.
5. Julian Estrada Gomez has been charged by Mexico with a criminal offense within its jurisdiction.
6. The offense with which Julian Estrada Gomez has been charged is an extraditable offense under the Extradition Treaty between the United States and Mexico.
7. The person before the court is the same person who is sought for prosecution in the request for extradition.
8. The request for extradition contains competent evidence establishing probable cause to believe that Julian Estrada Gomez committed the charged offense of aggravated murder.

*In re Estrada Gomez*, Op'n & Cert. for Extradition at 18-19 (ECF No. 23). Magistrate Judge You concluded, "Julian Estrada Gomez is extraditable to Mexico for the offense of aggravated murder described in the government's extradition request." *Id.* at 19.

Petitioner now challenges his extradition through a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner remains free on bail pending this Court's decision.

## DISCUSSION

As the Ninth Circuit has explained, "'[e]xtradition is a matter of foreign policy,' a diplomatic process over which the judiciary provides 'limited' review." *United States v. Knotek*,

925 F.3d 1118, 1124 (9th Cir. 2019) (quoting *Vo v. Benov*, 447 F.3d 1235, 1237, 1240 (9th Cir. 2006)). A court's role is to determine whether evidence of a fugitive's alleged "criminality," as presented by the requesting government, constitutes an extraditable offense and is "sufficient to sustain the charge under the provisions" of the relevant treaty. 18 U.S.C. § 3184. If so, the court must "certify the same" to the Secretary of State, who then decides whether to surrender the fugitive to the requesting government. *Id.*; *Vo*, 447 F.3d at 1237. An extradition order is not a final decision for purposes of 28 U.S.C. § 1291, and the "only available avenue to challenge an extradition order" is through a petition for habeas relief. *Vo*, 447 F.3d at 1240.

On habeas review, a district court's review of an extradition order is limited to whether: 1) the magistrate judge had jurisdiction over the petitioner; 2) the petitioner's alleged offense fell within the provisions of an enforceable treaty and was extraditable; and 3) "competent evidence" presented by the requesting government supported the finding of probable cause. *Santos v. Thomas*, 830 F.3d 987, 1001 (9th Cir. 2016) (en banc); *see also Prasoprat v. Benov*, 421 F.3d 1009, 1014 (9th Cir. 2005) (explaining that the purpose of an extradition hearing is "to determine whether the crime is extraditable and whether there is probable cause to support the charge").

Petitioner argues that the evidence presented by the Government fails to establish probable cause that he committed the offense of Aggravated Homicide, as defined by the relevant law of Mexico. Petitioner further argues that the alleged offense fails to meet the "dual criminality" requirement of extradition because he acted in self-defense and his conduct would not be subject to prosecution in Oregon. Finally, Petitioner contends that Magistrate Judge You erred by excluding his Declaration from the record and refusing to consider his claim of self-defense.

5    - OPINION AND ORDER

A. Probable Cause

Petitioner is charged with Aggravated Homicide in violation of Articles 6(1), 11(1), 293, 294, 299, and 301(1) of the Criminal Code of the State of Zacatecas, Mexico. Under the relevant Code provision, homicide is aggravated if premeditated or if perpetrated with unfair advantage, by ambush, or through treachery. *In re Estrada Gomez*, Gov't Ex. 1 at 66-67 (stating that "There is unfair advantage when the perpetrator is in no risk of being dead or injured by the victim....Lying in wait exists when someone is intentionally surprised, or ambushed"). The Government alleges that Petitioner laid in wait for Julio, then ambushed and shot him when Julio was in no position to return fire. Magistrate Judge You found that the evidence of record supported the Government's theory and established probable cause to believe that Petitioner "committed the crime charged by the Mexican authorities: aggravated murder with advantage that resulted in [Julio] Estrada Ramirez's death." *In re Estrada Gomez*, Op'n & Cert. for Extradition at 13-14 (citing evidence in support of probable cause).

Petitioner argues that the evidence of record does not support a finding of probable cause and instead shows that his conduct was a justified act of self-defense. Petitioner emphasizes that the undisputed evidence of record shows that an angry and intoxicated Julio intended to confront Petitioner and fired shots from his rifle as he drove towards Petitioner's location. Based on these facts, Petitioner argues that "there is no plausible conclusion that [Julio] was taken by surprise and unable to defend himself." Pet'r Brief at 19.

The probable cause standard for extradition proceedings is the same as that applied to determine whether a defendant must stand trial, i.e., "whether 'any evidence warrant(s) the finding that there was reasonable ground to believe the accused guilty.'" *Valencia v. Limbs*, 655 F.2d 195, 198 (9th Cir. 1981) (quoting *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925)). The

6    - OPINION AND ORDER

court must "conduct essentially the same preliminary inquiry typically required for issuance of a search warrant or an arrest warrant for crimes committed in this country – a familiar task for any magistrate judge." *Haxhiaj v. Hackman*, 528 F.3d 282, 287 (4th Cir. 2008). Similar to a preliminary hearing, the "'function of the committing magistrate is to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction.'" *Santos*, 830 F.3d at 991-92 (quoting *Collins v. Loisel*, 259 U.S. 309, 316 (1922)).

Given the relatively low threshold of probable cause, competent evidence of record supports Magistrate Judge You's finding. Julio was found shot to death in his still-running pickup, with his rifle lying on the passenger-side floorboard and pointing upward against the seat. Julio died from two bullets to his head, and ballistic reports estimate that the shooter was approximately six to seven feet away when Julio was shot. The ballistic reports also indicate that the shots were fired from back to front and bottom to top, suggesting that Julio's pickup was in motion when he was shot. *In re Estrada Gomez*, Gov't Ex. 1 at 79, 82, 104-06, 139-41. Taken together, this evidence supports the finding that Julio was driving his vehicle and not holding a firearm when he was shot in the head at close range, and it provides a reasonable basis for the Government's allegation that Petitioner killed Julio after he "lay in wait" and knew Julio could not return fire.

Granted, witness statements reflect Julio's long-standing hostility towards Petitioner and his stated intent to confront Petitioner while intoxicated and armed with a rifle, and Julio was seen driving to Petitioner's location while firing his rifle in the air. Contrary to Petitioner's assertion, however, these facts do not negate probable cause or the Government's theory when considered with the physical evidence found at the scene of the shooting. None of the witnesses

7   - OPINION AND ORDER

actually saw what happened when Julio reached Petitioner's location, and no witness has corroborated Petitioner's claim of self-defense.

It is not the role of this Court to determine whether the Government's evidence is sufficient to support a conviction; the only question is whether competent evidence supports Magistrate Judge You's finding that probable cause exists to charge Petitioner with the offense of Aggravated Homicide. *See Fernandez*, 268 U.S. at 312 ("Competent evidence to establish reasonable grounds is not necessarily evidence competent to convict."). It does. Accordingly, the Petition is denied on this ground.

### B. Dual Criminality

Petitioner next argues that the alleged offense does not meet the extradition requirement of "dual criminality," because evidence showing Petitioner acted in self-defense renders his conduct lawful in Oregon and not subject to extradition.

"The question of whether an offense is extraditable involves determining: (1) whether it is listed as an extraditable crime in the relevant treaty; (2) whether the alleged conduct is criminalized in both countries; and (3) whether the offenses in both countries are substantially analogous." *Knotek*, 925 F.3d at 1128-29 (footnote omitted); *Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1404 (9th Cir. 1988) ("Under the principle of dual criminality, no offense is extraditable unless it describes conduct which is criminal in both jurisdictions."); *see also Caplan v. Vokes*, 649 F.2d 1336, 1343 (9th Cir. 1981). "[D]ual criminality exists if the essential character of the acts criminalized by the law of each country are the same and if the laws are substantially analogous." *Oen Yin-Choy*, 858 F.2d at 1404 (internal quotation marks and citations omitted); *see also Cucuzzella v. Keliikoa*, 638 F.2d 105, 107-08 (9th Cir. 1981) (stating that the "crimes need not be identical").

8    - OPINION AND ORDER

Magistrate Judge You found that dual criminality was established because Petitioner's alleged conduct would be subject to prosecution for murder under both Oregon and federal law. *In re Estrada Gomez*, Op'n & Cert. for Extradition at 9 ("If Estrada Gomez's criminal act had occurred in this judicial district, it would be subject to prosecution as a felony with the possibility of life imprisonment."); *id.* at 13-15 (finding probable cause to support the charge of Aggravated Homicide); *see also* Or. Rev. Stat. § 163.105-.115 (defining the elements and penalties for murder offenses); 18 U.S.C. § 13 (incorporating state criminal law and penalties in federal districts within state boundaries). Petitioner contests this finding and argues that using physical force in self-defense is justified and lawful under federal and Oregon law, and the evidence shows that he reasonably believed force was necessary to defend himself against the immediate threat posed by Julio. *See* Or. Rev. Stat. § 161.205(5) (providing that the use of physical force against another person in self-defense "is justifiable and not criminal"). Thus, Petitioner contends that his actions were lawful in this jurisdiction and the requirement of dual criminality is not met. I disagree.

An extradition hearing is "confined to the single question of whether the evidence for the state makes a prima facie case of guilt sufficient to make it proper to hold the party for trial." *Charlton v. Kelly*, 229 U.S. 447, 461 (1913). Consequently, the extradition court should not consider affirmative defenses to the charged offense when determining probable cause or dual criminality. *See, e.g., Santos*, 830 F.3d at 992 (stating that a fugitive "does not have the right to introduce evidence in defense because that would require the government seeking his extradition 'to go into a full trial on the merits in a foreign country'") (quoting *Collins*, 259 U.S. at 316); *see also In re Extradition of Fordham*, 281 F. Supp. 3d 789, 799 (D. Alaska 2017) ("It is settled that the dual criminality requirement does not encompass possible 'affirmative defenses'").

9   - OPINION AND ORDER

Moreover, "that 'defenses may be available in the requested state that would not be available in the requesting state, or that different requirements of proof are applicable in the two states, does not defeat extradition under the dual criminality principle.'" *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1307 (11th Cir. 2000) (quoting RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW OF THE UNITED STATES, § 476 cmt. d (1987)). Thus, evidence supporting a viable claim of self-defense, either in Mexico or in Oregon, does not preclude a finding of dual criminality, provided the charged offense is otherwise unlawful in both jurisdictions.

As explained above, evidence presented during the extradition hearing reasonably supports the Government's theory that Petitioner waited for Julio to drive by and shot Julio when he was unarmed and could not return fire. Petitioner's alleged conduct would be subject to prosecution for murder under Oregon and federal law, and the charged offense meets the extradition requirement of dual criminality.

### C. Petitioner's Declaration and Claim of Self-Defense

Finally, Petitioner argues that Magistrate Judge You violated his rights to due process by excluding his Declaration and refusing to consider his proffered evidence of self-defense. Petitioner contends that his Declaration was explanatory rather than contradictory and should be considered by this Court when assessing probable cause and dual criminality. Petitioner is incorrect.

As noted above, it is well established that "an extradition hearing is not the occasion for an adjudication of guilt or innocence," and "[a]s in the case of a grand jury proceeding, a defendant has no right to cross-examine witnesses or introduce evidence to rebut that of the prosecutor." *Oen Yin-Choy*, 858 F.2d at 1406-07 (internal quotation marks and citations omitted). Accordingly, a fugitive may not introduce evidence that contradicts the evidence

submitted by the requesting government "[b]ecause extradition courts do not weigh conflicting evidence in making their probable cause determinations." *Barapind v. Enomoto*, 400 F.3d 744, 750 (9th Cir. 2005) (en banc) (internal quotation marks omitted). Rather, a fugitive may introduce evidence only if it explains evidence submitted in support of the extradition request. *Id.* Generally, "explanatory evidence is evidence that explains away or completely obliterates probable cause, whereas contradictory evidence is that which merely controverts the existence of probable cause, or raises a defense." *Santos*, 830 F.3d at 992 (internal quotation marks and citation omitted). Evidence is also considered contradictory if its credibility cannot be assessed without a trial. *Id.* at 993.

> In his proffered Declaration, Petitioner stated:
>
> I turned and looked towards the sounds of the gunshots and saw Julio approaching in his truck approximately 25 meters from the house. I quickly ran into a small adobe building where I kept a .22 rifle. The .22 rifle had been on the property since the early 1970's and was purchased to protect the property from coyotes and other wild animals in the area. I went to retrieve the rifle because I believed, based on everything that had occurred and the fact that Julio was now much closer to my home and firing a gun from his truck, that Julio was intent on killing me.
>
> When I retrieved the gun and exited the house, Julio was even closer to the house and I could see that he was holding a gun in his hands. I immediately fired several shots at the truck, believing I had to in order to save my own life.

*In re Estrada Gomez*, Mem. & Exs. in Support, Ex. A (Estrada Gomez Decl.) ¶¶ 10, 11 (ECF No. 19-1). Magistrate Judge You found that "the crux" of Petitioner's defense was "that his son was shooting at him" and it contradicted the Government's evidence indicating that Julio was found unarmed and was seen only "firing into the air" and not shooting at Petitioner. *In re Estrada Gomez*, Op'n & Cert. for Extradition at 16-17. Accordingly, Magistrate Judge You found that Petitioner's Declaration was contradictory rather than explanatory and therefore inadmissible.

11    - OPINION AND ORDER

Petitioner disputes Magistrate Judge You's finding and emphasizes that his Declaration did not assert that Julio was "shooting at him." Regardless, as Magistrate Judge You noted, Petitioner declared that he saw Julio "holding a gun" immediately before he shot Julio, and this statement contradicts the Government's evidence reflecting that Julio was found unarmed and his rifle was located in the passenger seat area with the stock resting on the pickup floor. No other witness reportedly saw Julio aim his rifle or shoot at Petitioner, and the credibility of Petitioner's assertion must be determined by the finder of fact. Accordingly, Petitioner's Declaration was contradictory rather than explanatory and Magistrate Judge You did not err by excluding it.

Even if Petitioner's Declaration and claim of self-defense were properly before this Court, competent evidence still supports Magistrate Judge You's probable cause determination, based on the evidence discussed above. As Magistrate Judge You found, "the existence of some evidence that *could suggest* self-defense does not negate probable cause. At this stage, the court's role is limited to evaluating whether there is competent evidence to support the belief that the accused has committed the charged offense." *In re Estrada Gomez*, Op'n & Cert. for Extradition at 15 (internal quotation marks and citation omitted).

## CONCLUSION

Competent evidence of record supports Magistrate Judge You's finding of probable cause and the certification of Petitioner's extradition. Accordingly, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED.

IT IS SO ORDERED.

DATED this 21st day of February, 2023.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

12    - OPINION AND ORDER